IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL MEDICAL | : | |
| IMAGING, LLC, et al., | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-2974 |
| U.S. BANK, N.A., et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                             **March 30, 2015**

On May 27, 2014, Plaintiffs National Medical Imaging, LLC ("NMI") and National

Medical Imaging Holding Company, LLC ("NMI Holding") filed a complaint in this Court

against Defendants U.S. Bank, N.A., Lyon Financial Services, Inc., DVI Receivables XIV, LLC,

DVI Receivables XVI, LLC, DVI Receivables XVII, LLC, DVI Receivables XVIII, DVI

Receivables XIX, LLC, DVI Funding, LLC, Ashland Funding, LLC, and Jane Fox. The

complaint raises claims for violation of 11 U.S.C. § 303(i) and Federal Rule of Bankruptcy

Procedure 9011 arising out of Defendants' filing of involuntary bankruptcy petitions against

Plaintiffs. Defendants filed motions to refer the case to bankruptcy court and to dismiss the

complaint for failure to state a claim.

## I.   FACTUAL AND PROCEDURAL HISTORY[1]

This case arises out of a complex securitization transaction that has spawned more than a

decade of on-and-off again litigation in several courts, including multiple bankruptcy

proceedings. In 2000, NMI and NMI Holding were affiliated with certain limited partnerships

(the "NMI LPs") that operated a series of diagnostic imaging centers. Beginning in November of

that year, the NMI LPs entered into master leases and equipment schedules (the "Master

---

[1] The facts are drawn from the complaint except where otherwise noted.

Leases") with DVI Financial Services, Inc. ("DVI Financial"). The NMI LPs' obligations under the Master Leases were secured by a limited guaranty executed by Maury Rosenberg, the managing member of NMI and NMI Holding, in his personal capacity and by an additional guaranty executed by NMI and NMI Holding.

DVI Financial transferred certain Master Leases to Defendant DVI Funding, which held them directly, and then securitized the remaining Master Leases. Defendants DVI Receivables XVI, DVI Receivables XVII, DVI Receivables XVIII, and DVI Receivables XIX (collectively the "DVI Receivables Entities"), are special-purpose entities created to facilitate the securitization of the Master Leases. In the securitization process, notes were issued to investors with the Master Leases as collateral. Defendant U.S. Bank was trustee for the investors, and DVI Financial was the servicer. DVI Financial subsequently entered bankruptcy and Defendant Lyon Financial Services ("Lyon"), a subsidiary of U.S. Bank, replaced DVI Financial as servicer. Lyon also acted as agent for the trustee U.S. Bank.

### A.  The First Round of Litigation and the Settlement Agreement

Starting on December 19, 2003, Lyon filed 13 lawsuits against the NMI LPs, NMI, NMI Holding, and Rosenberg in the Court of Common Pleas for Bucks County, Pennsylvania, alleging that the NMI LPs had defaulted on their Master Lease obligations and therefore NMI, NMI Holding and Rosenberg were required to pay their guaranty obligations. On March 3, 2005, Defendants DVI Receivables XVII, XVIII, and XIX filed an involuntary Chapter 11 bankruptcy petition against NMI and NMI Holding in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

On August 12, 2005, Rosenberg, NMI, NMI Holding, the NMI LPs and Lyon, acting as successor servicer on behalf of the DVI Receivables Entities and DVI Funding, entered into a

Settlement Agreement in order to resolve their outstanding disputes. Pursuant to the Settlement Agreement, the involuntary bankruptcy petition filed by Defendants DVI Receivables XVII, XVIII, and XIX was dismissed, as was the confession of judgment action filed by Lyon. In return, Rosenberg, and NMI and NMI Holding, were required to execute new guaranties of repayment. Rosenberg executed an individual limited guaranty, and NMI and NMI Holding jointly executed an unconditional continuing guaranty. Pursuant to the guaranties, Rosenberg, NMI and NMI Holding executed confessions of judgment in favor of Lyon. On March 2, 2007, DVI Funding sold all of its interests in the Master Leases to Defendant Ashland Funding ("Ashland").[2]

**B. Round Two: Judgment is Confessed, the Involuntary Petitions are Filed and the Rosenberg Bankruptcy is Adjudicated in Florida**

On March 21, 2008, Lyon notified NMI and Rosenberg that the NMI LPs had defaulted on their repayment obligations under the Settlement Agreement. On July 31, 2008, Lyon, acting as agent for the trustee, filed a complaint in confession of judgment against Rosenberg, NMI, and NMI Holding as guarantors of the NMI LPs' repayment obligations in the Bucks County Court of Common Pleas.[3] On November 7, 2008, DVI Funding, together with DVI Appellants, filed involuntary bankruptcy petitions against NMI, NMI Holding, and Rosenberg in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The involuntary petitions were executed on behalf of all petitioning creditors by Defendant Jane Fox, then Director of Operations for Lyon. Rosenberg subsequently moved to dismiss the involuntary petition against him and to transfer venue to the United States Bankruptcy Court for the Southern District of

---

[2] *See* Opening Br. in Supp. of Ashland Funding, LLC's Mot. to Dismiss Compl. at 2.

[3] In *U.S. Bank v. Rosenberg*, no. 12-CV-723, a related case before this Court, Rosenberg alleges that the confession of judgment action was improper and seeks to recover damages from U.S. Bank as a result.

Florida.[4] On January 30, 2009, the Rosenberg bankruptcy proceedings were transferred to the Southern District of Florida (the "Florida Bankruptcy Court").[5]

Following the transfer of venue, the Rosenberg bankruptcy was assigned to the Honorable A. Jay Cristol, then Chief Bankruptcy Judge for the Southern District of Florida.[6] On April 7, 2009, following the transfer of venue, the petitioners filed a second amended involuntary petition against Rosenberg, which substituted Ashland for DVI Funding as a petitioning creditor.[7] On August 21, 2009, the Florida Bankruptcy Court issued a memorandum opinion and order granting Rosenberg's pending motion to dismiss the involuntary bankruptcy petition (hereinafter "*Rosenberg I*").[8] The Florida Bankruptcy Court also retained jurisdiction to hear any claim pursuant to 11 U.S.C. § 303(i) for the bad faith filing of an involuntary bankruptcy petition.[9]

### C. The Eastern District Bankruptcy Court Dismisses the Involuntary Bankruptcy Petitions Filed Against NMI and NMI Holding and *Rosenberg I* is Substantially Affirmed on Appeal

While the Rosenberg bankruptcy was pending in Florida, the NMI and NMI Holding bankruptcies proceeded in the Eastern District of Pennsylvania before the Honorable Richard Fehling (the "Bankruptcy Court" or "Eastern District Bankruptcy Court").[10] On December 28, 2009, Judge Fehling issued a memorandum opinion and order, which dismissed the involuntary

---

[4] *In re Rosenberg*, 414 B.R. 826, 831 (Bankr. S.D. Fla. 2009).

[5] *Id.*

[6] *Id.*

[7] *Id.* at 832.

[8] *In re Rosenberg*, 414 B.R. 826 (Bankr. S.D. Fla. 2009).

[9] *Id.* at 849.

[10] Memorandum Opinion, *In re National Medical Imaging, LLC*, no. 08-17351, Doc. No. 183 at 1 (Bankr. E.D. Pa. Dec. 28, 2009).

bankruptcy petitions against NMI and NMI Holding on the basis of the collateral estoppel effect of *Rosenberg I*.[11] Defendants moved for reconsideration and Judge Fehling stayed the NMI and NMI Holdings case in the Eastern District of Pennsylvania pending resolution of a motion for reconsideration and subsequent appeals in the Rosenberg bankruptcy in Florida.[12]

The DVI Receivables Entities and Ashland timely filed notices of appeal from *Rosenberg I*, and on September 27, 2011, the Honorable K. Michael Moore of the United States District Court for the Southern District of Florida issued a memorandum opinion and order substantially affirming *Rosenberg I* (hereinafter "*Rosenberg II*").[13] The DVI Receivables Entities timely appealed *Rosenberg II* to the United States Court of Appeals for the Eleventh Circuit and, on July 6, 2012, the Eleventh Circuit issued a *per curiam* opinion affirming *Rosenberg II* in full (hereinafter "*Rosenberg III*").[14]

### D.  Rosenberg Seeks Damages Pursuant to § 303(i)

While the appeals to the District Court and Eleventh Circuit were pending, Rosenberg pursued § 303(i) claims against the same parties who are now Defendants in this action, as well as several other parties who are not relevant to this case.[15] Rosenberg's claims arose from the

---

[11] Memorandum Opinion, *In re National Medical Imaging, LLC*, no. 08-17351, Doc. No. 183 (Bankr. E.D. Pa. Dec. 28, 2009).

[12] Statement in Support of May 2, 2014 Bench and Written Orders Denying Petitioning Creditors' Motions for Reconsideration of my December 28, 2009 Memorandum Opinion and Order, *In re: National Medical Imaging, LLC*, no. 08-17351, Doc. No. 284 at 5 (Bankr. E.D. Pa. May 13, 2014).

[13] Order Affirming in Part and Reversing in Part Bankruptcy Court's Orders, *DVI Receivables XIV, LLC, et al. v. Maury Rosenberg*, No. 10-CIV-24347, Doc. No. 11 (S.D. Fla. Sept. 27, 2011).

[14] *In re Rosenberg*, 472 Fed. App'x 890 (11th Cir. 2012).

[15] *Maury Rosenberg v. DVI Receivables, XIV, LLC, et al.*, Adv. No. 10-3812 (Bankr. S.D. Fla.).

filing of the involuntary bankruptcy petitions against him.[16] Rosenberg sought both attorneys'

fees and costs pursuant to § 303(i)(1) and damages caused by the allegedly bad faith filing of the

involuntary bankruptcy petition pursuant to § 303(i)(2).[17] Ashland and other defendants who are

not parties to this case moved to dismiss the § 303(i) claims against them, and on March 26,

2012, the Florida Bankruptcy Court dismissed the § 303(i) claims against Ashland and these

other defendants.[18]

       The remaining defendants – U.S. Bank, Lyon Financial Services, Inc., DVI Receivables

XIV, LLC, DVI Receivables XVI, LLC, DVI Receivables XVII, LLC, DVI Receivables XVIII,

DVI Receivables XIX, LLC, DVI Funding, LLC, and Jane Fox, who are also Defendants in this

action – moved to withdraw the reference and transfer the § 303(i) claims to the United States

District Court for the Southern District of Florida.[19] The remaining defendants contended that

withdrawal of the reference was warranted due to their right to a jury trial.[20] Rosenberg opposed

withdrawal of the reference.[21]

       On August 10, 2012, the Honorable Patricia A. Seitz of the United States District Court

for the Southern District of Florida granted Defendants' motion to withdraw the reference in

part. Judge Seitz held that Defendants had a right to a jury trial on Rosenberg's § 303(i)(2)

---

[16] *See* Memorandum Opinion Granting Defendants Ashland Funding, LLC, Robert Brier, and BG Management Services, Inc.'s Motion to Dismiss, *Maury Rosenberg v. DVI Receivables, XIV, LLC, et al.*, Adv. No. 10-3812, Doc. No. 168 at 3. (Bankr. S.D. Fla. Mar. 26, 2012).

[17] *Id.*

[18] *Id.* at 1-2.

[19] Corrected Order Granting Defendants' Motion to Withdraw Reference for Jury Trial as to Plaintiff's 303(i)(2) Claims Only, *Maury Rosenberg v. DVI Receivables XIV, LLC, et al.*, no. 12-CV-22275, Doc. No 10 at 1 (S.D. Fla. Aug. 10, 2012).

[20] *Id.*

[21] *Id.* at 2.

damage claims, but that Defendants had no such right with regard to Rosenberg's § 303(i)(1) claim for attorney's fees and costs.[22] Thus, Judge Seitz withdrew the reference with regard to Rosenberg's § 303(i)(2) claim only and scheduled a jury trial on that claim.[23]

The jury trial on Rosenberg's § 303(i)(2) damages claim resulted in a jury verdict of $6,120,000 in damages for Rosenberg.[24] Defendants then filed a post-verdict motion for judgment as a matter of law and on September 29, 2014, Judge Seitz granted Defendants' motion in part and entered an amended final judgment in the amount of $360,000.[25] Cross-appeals from the amended final judgment are currently pending before the Eleventh Circuit.[26]

### E. The Eastern District Bankruptcy Court Denies Reconsideration and Plaintiffs File § 303(i) Complaints in the Bankruptcy Court and this Court

On May 2, 2014, the Eastern District Bankruptcy Court, upon consideration of *Rosenberg II* and *III*, denied the pending motion of the DVI Receivables Entities and Ashland for reconsideration of the dismissal of the involuntary bankruptcy petitions against NMI and NMI Holding.[27] The DVI Receivables Entities and Ashland timely filed notices of appeal to this Court

---

[22] *Id.* at 3-5.

[23] *Id.* at 5. On September 11, 2012, the Florida Bankruptcy Court awarded Rosenberg approximately $1,000,000 in costs and fees pursuant to § 303(i)(1), but this award was subsequently vacated in part on appeal. *Rosenberg v. DVI Receivables XIV, LLC (In re Rosenberg)*, Adv No. 10-3812, 2012 WL 3990725 at *12 (Bankr. S.D. Fla. Sept. 11, 2012) *vacated in part by In re Rosenberg*, 2015 WL 845578 (11th Cir. Feb. 27, 2015).

[24] Exh. A to Pl.'s Compl.

[25] Amended Final Judgment, *Maury Rosenberg v. DVI Receivables XIV, LLC, et al.*, no. 12-CV-22275, Doc. No. 273 (Sep. 29, 2014). Because Judge Seitz was unable to conduct the trial, the trial was presided over the Honorable Cecilia Altonaga, who on motion of the parties, also decided the post-trial motions. *Id.* at Doc. No. 209, 272.

[26] *Maury Rosenberg v. DVI Receivables XIV, LLC, et al.*, no. 14-14620 (11th Cir.).

[27] Order, *In re: National Medical Imaging, LLC*, no. 08-17351, Doc. No. 274 (Bankr. E.D. Pa. May 2, 2014).

and this Court recently affirmed the dismissal of the involuntary petitions against NMI and NMI Holding on collateral estoppel grounds.[28]

On May 27, 2015, while the appeals of the DVI Receivables Entities and Ashland were pending in this Court, Plaintiffs initiated two adversary proceedings in the Eastern District Bankruptcy Court against Defendants.[29] In these adversary actions, Plaintiffs filed identical complaints raising claims pursuant to § 303(i)(1) and Bankruptcy Rule 9011 arising out of the Defendants' filing of the involuntary bankruptcy petitions against NMI and NMI Holding.[30] On the same day, Plaintiffs filed this action against Defendants raising claims pursuant to § 303(i)(1) and Bankruptcy Rule 9011, as well as an additional claim pursuant to § 303(i)(2). Plaintiff's claims in this action also arise out of Defendants' filing of the involuntary bankruptcy petitions against NMI and NMI Holding.

Following the filing of the complaint in this action, Defendants filed the four motions presently before the Court: 1) Defendants' Motion to Refer Action to Bankruptcy Court, which was joined by all Defendants; 2) the Motion of Ashland Funding, LLC to Dismiss Complaint; 3) DVI Defendants' Motion to Dismiss Complaint; and 4) the Motion of Defendants U.S. Bank, N.A. and Jane Fox to Dismiss Complaint. Plaintiffs oppose all four motions.

---

[28] Memorandum Opinion, *DVI Receivables XIV, LLC, et al. v. National Medical Imaging, LLC, et al.*, 14-CV-3787, Doc. No. 24 (E.D. Pa. Mar. 24, 2015).

[29] *National Medical Imaging, LLC, et al. v. U.S. Bank, N.A., et al.*, Adv. No. 14-250 (Bankr. E.D. Pa.); *National Medical Imaging, LLC, et al. v. U.S. Bank, N.A., et al.*, Adv. No. 14-251 (Bankr. E.D. Pa.).

[30] *National Medical Imaging, LLC, et al. v. U.S. Bank, N.A., et al.*, Adv. No. 14-250, Doc. No. 1 (Bankr. E.D. Pa. May 27, 2014); *National Medical Imaging, LLC, et al. v. U.S. Bank, N.A., et al.*, Adv. No. 14-251, Doc. No. 1 (Bankr. E.D. Pa. May 27, 2014).

## II.      STANDARD OF REVIEW

In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[31] Additionally, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[32] A plaintiff who survives a motion to dismiss for failure to state a claim on which relief may be granted states facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[33]

The referral of cases to the bankruptcy court in this district is governed by the Standing Order of Reference of the United States District Court for the Eastern District of Pennsylvania. As amended November 8, 1990, the Standing Order of Reference provides that "any and all cases arising under chapter 7, 11, 12, and 13 of Title 11 or arising in or related to chapter 7, 11, 12, or 13 case under Title 11 are and shall be referred to the Bankruptcy Judges for the district."

## III.     DISCUSSION

The Court will first consider Defendants' motions to dismiss, because these motions may render Defendants' motion to refer the action to bankruptcy court moot.

### A.  The § 303(i) Claims

Defendants contend that § 303(i) does not create a cause of action that may be brought in this Court. *Collier on Bankruptcy*, a leading treatise, succinctly summarizes the law in this area:

Section 303(i) does not create an independent cause of action. The prayer for relief must be made in connection with the underlying proceeding in the

---

[31] Fed. R. Civ. P. 8(a)(2).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

bankruptcy court. This means that the same court that dismisses the petition is the court that may award damages under section 303(i).[34]

This interpretation is supported by the language of the statute: § 303(i) provides that if "*the court* dismisses an action under this section … *the court* may grant judgment" for attorney's fees and costs and/or the filing of the petition in bad faith.[35] Thus, § 303(i) contemplates that the same court will dismiss the involuntary bankruptcy petition and hear any claim for damages.[36] In addition, to the Court's knowledge, every court that has considered the issue has held that § 303(i) does not create an independent cause of action that may be filed outside the underlying bankruptcy proceeding.[37] Plaintiffs filed § 303(i)(1) claims in the NMI bankruptcies, but also filed claims pursuant to § 303(i)(1) and (2) and Federal Rule of Bankruptcy Procedure 9011 directly in the district court.

Plaintiffs contend that they may file their claims directly in this Court because Plaintiffs are entitled to a jury trial on their § 303(i)(2) claim, which must therefore be heard in this Court.[38] Although Plaintiffs may be entitled to a jury trial on the § 303(i)(2) claim, Plaintiffs have not cited any basis for bypassing the bankruptcy court in the first instance.[39] The appropriate procedure is the one followed in the Rosenberg bankruptcy in

---

[34] *Collier on Bankruptcy* § 303.33 (16th ed. 2014).

[35] *See Raymark Industries, Inc. v. Baron*, 1997 WL 359333 at *6 (E.D. Pa. Jun. 23, 1997) (citing 11 U.S.C. 303(i) (emphasis added)).

[36] *Id.*

[37] *In re Mitchell*, 2012 WL 5995443 at *11 (10th Cir. B.A.P. Dec. 3, 2012); *see also Pierce v. First Commerce Leasing Corp.*, 2007 WL 2693003 at *1 (M.D. Ala. Sept. 10, 2007); *Glannon v. Garrett & Associates, Inc.*, 261 B.R. 259, 267 (D. Kan. 2001); *Raymark Industries*, 1997 WL 359333 at *6-7.

[38] Pursuant to 28 U.S.C. § 157(e), bankruptcy courts may only conduct jury trials with the consent of the parties, and Plaintiffs have stated that they will not consent to the Eastern District Bankruptcy Court's conducting a jury trial in this case. Pl.'s Br. In Opp. to Defs. Mot. to Refer Action to Bankruptcy Court at 2.

[39] Although *Glannon* cannot serve as precedent in this district, Plaintiffs contend that *Glannon* stands for the proposition that § 303(i) claims may be filed initially in the district court when the plaintiffs are entitled to a jury

10

Florida: all § 303(i) claims must be filed before the court that adjudicated the dismissal of the petition giving rise to the claims. If there is a basis for doing so, plaintiffs may then file a motion to withdraw the reference and the district court can then determine the merits of the argument that plaintiffs are entitled to a jury trial. This procedure respects the jurisdiction of both the bankruptcy and district courts, and allows for the orderly administration of justice, without the risk of conflicting judgments.

### B.  The Bankruptcy Rule 9011 Claims

Defendants also contend that Bankruptcy Rule 9011 does not create an independent cause of action that may be brought in this Court. On this issue, the interpretation of Bankruptcy Rule 9011 advanced in *Raymark Industries v. Baron* is persuasive: like a § 303(i) claim, a "Rule 9011 claim cannot stand as an independent cause of action."[40] This interpretation is supported by the wording of the rule. Bankruptcy Rule 9011 provides that when pleadings are "present[ed] to *the court*," upon motion or *sua sponte*, "*the court* … may impose an appropriate sanction."[41] Bankruptcy Rule 9011 therefore also contemplates that the same court that receives a defective pleading will impose the sanction. Thus, Plaintiff's Bankruptcy Rule 9011 claim will be dismissed for the same reasons as Plaintiff's § 303(i) claims.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' § 303(i) and Bankruptcy Rule 9011 claims against all Defendants will be dismissed without prejudice to Plaintiffs' right to pursue these

---

trial. In fact, the *Glannon* court held that when a § 303(i) complaint is filed in the underlying bankruptcy court and the district court subsequently withdraws reference on the basis of the plaintiff's right to a jury trial, the same § 303(i) claims may not be advanced in a different bankruptcy proceeding. *See Glannon*, 261 B.R. at 262, 267. Thus, *Glannon* does not provide any support for Plaintiffs' claim that they may proceed with their § 303(i) claims in this Court without filing them in the bankruptcy court and moving to withdraw reference.

[40] *Raymark Industries*, 1997 WL 359333 at *8; *see also In re Akers*, 2012 WL 3133924 at *2 (Bankr. D.D.C. Aug. 1, 2012).

[41] Fed. R. Bankr. P. 9011(b), (c) (emphasis added).

claims in the United States Bankruptcy Court for the Eastern District of Pennsylvania or to move to withdraw reference. Because Plaintiffs' claims will be dismissed, Defendants' motion to refer the case to bankruptcy court will be dismissed as moot.

An appropriate order follows.